# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SKY HARBOR HOTEL PROPERTIES, LLC,<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:17-bk-08082-PS |
| SKY HARBOR HOTEL PROPERTIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PATEL PROPERTIES, LLC,<br><br>Defendant. | Adversary No. 2:18-ap-00126-PS<br><br>**ORDER CERTIFYING QUESTION TO ARIZONA SUPREME COURT**[1] |

### I. CERTIFIED QUESTIONS

Reorganized Chapter 11 debtor Sky Harbor Hotel Properties, LLC ("SHHP"), filed an adversary complaint against Patel Properties, LLC ("Patel"), asserting that Patel, a member in

---

[1] Concurrent with the entry of this Order, in the case of *MorrisAnderson & Associates v. Redeye, LLC, et al.*, 2:14-ap-00534-DPC, Bankruptcy Judge Daniel Collins is entering an Order certifying similar questions to the Arizona Supreme Court.

SHHP, breached its common law fiduciary duty to SHHP. Patel, citing primarily to *TM2008 Investments, Inc. v. Procon Capital Corp.*, 234 Ariz. 421, 323 P. 3d 704 (App. 2014), filed a Motion for Summary Judgment arguing that as a member it does not owe a common law fiduciary duty to SHHP. SHHP objected to Patel's Motion for Summary Judgment arguing that no Arizona court has ruled whether a manager or member of an LLC owes a common law fiduciary duty to the company.[2] SHHP distinguish *Procon* by noting that it addressed only the lack of common law fiduciary duties among <u>members</u> of an LLC. Neither party nor this Court have been able to find any Arizona case that addresses the existence (or lack thereof) of an LLC manager's or member's common law fiduciary duty to the company.

Where the determination of the legal issues raised in Patel's Motion for Summary Judgment may be case dispositive, this Court respectfully requests, pursuant to A.R.S. § 12-1861 and Arizona Supreme Court Rule 27, that the Arizona Supreme Court exercise its discretion to answer the following certified questions:

1. **Whether a manager of an Arizona Limited Liability Company owes common law fiduciary duties to the company?**
2. **Whether a member of an Arizona Limited Liability Company owes common law fiduciary duties to the company?**

**II.    BACKGROUND FACTS**

On July 14, 2017, SHHP filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. SHHP's bankruptcy petition was signed by Shane Kuber for SKK, LLC, SHHP's purported manager. Patel filed a Motion to Dismiss SHHP's bankruptcy case asserting that SKK was not SHHP's manager and was therefore not authorized to file the bankruptcy petition. The Court denied the Motion to Dismiss after finding that SKK was SHHP's manager as of February 3, 2014.

On March 23, 2018, this Court confirmed SHHP's plan or reorganization which

---

[2] Citing Thompson et al., *§ 12:65.Duties of managers and members*, 6 Ariz. Prac., Corporate Practice § 12:65 (updated Nov. 2017) ("*Unanswered Questions*. Arizona appellate courts have yet to decide cases in which parties argue that members or managers of an Arizona LLC have common law fiduciary duties in situations where the operating agreement is totally silent on the issue or where the operating agreement provides for limited duties that do not include all three duties found in the *Procon* case.").

generally provided for the sale of SHHP's real property and preserved SHHP's pre-bankruptcy causes of action. After plan confirmation, SHHP filed an adversary complaint against Patel asserting claims for (a) Breach of Fiduciary Duty; (b) the Determination of Patel's Interest (if any) in SHHP; and (c) Equitable Subordination of Patel's Interest in SHHP.

Patel filed a Motion for Summary Judgment seeking judgment on all of SHHP's claims "because Patel does not owe a fiduciary duty to SHHP."  According to Patel, all of SHHP's claims depend on SHHP's claim that Patel breached a common law fiduciary duty to SHHP. Patel cities to *Butler Law Firm, PLC v. Higgins*, 243 Ariz. 456, 410 P. 3d 1223, 1229 (Sup. Ct. 2018) and *TM2008 Investments, Inc. v. Procon Capital Corp.*, 234 Ariz. 421, 323 P. 3d 704 (App. 2014) for the proposition that members of an Arizona LLC do not owe common law fiduciary duties to the company or other members.

In its objection to Patel's Motion for Summary Judgment, SHHP asserts that neither *Butler* nor *Procon* address the existence of a member's or manager's fiduciary duties to a LLC. After pointing out that no Arizona case has found that a member has no fiduciary duty to a company, SHHP cited the Court to the unpublished Memorandum Decision of the Court of Appeals in *Sports Imaging of Arizona, L.L.C. v. 1993 CKC Trust,* 2008 WL 4448063 (App. 2008) for the proposition that the court recognized and concluded "that a co-manager in an LLC could be liable for breaching a fiduciary duty."  SHHP also cited the Court to a trial court minute entry in *CAL X-TRA v. Phoenix Holdings II, LLC*, No. CV 2003-008362, 2016 WL 8222723, at *1 (Ariz. Super. Oct. 11, 2016) for the proposition that an operating agreement may impose obligations which parallel traditional corporate fiduciary duties.

Neither party was able to cite the Court to Arizona precedential authority on the direct questions raised in the Motion for Summary Judgment – namely, whether Patel, as a member or manager of SHHP, owed common law fiduciary duties to SHHP?  While the Division 1 decision in *Procon* does stand for the proposition that a member of an Arizona LLC does not owe common law fiduciary duties to other members, it does not address the existence (or lack thereof) of such duties to the company.  In *Procon*, the trial court denied a motion to dismiss finding that "appellate courts will likely find ... a fiduciary duty owed by a member of an LLC

3

such as Doveland to another member." *Procon,* 234 Ariz. at 424, 323 P.3d at 707. Thereafter, the jury was instructed that

> Members in an L.L.C. owe a special duty to one another, which is called a fiduciary duty. This duty requires Members to deal in utmost good faith with one another and fully disclose to one another all material facts relating to the L.L.C.'s affairs within their knowledge.

*Id*. at 426, 323 P.3d at 709. The appellate court reversed the trial court holding that the trial court erred by imputing a common law fiduciary duty to an LLC member based solely on principles applicable to closely-held corporations and/or partnerships. *Id.* .at 425, 323 P.3d at 708. The appellate court noted that the Arizona LLC Act does not refer to any baseline fiduciary duties that members of the LLC owe to the LLC or to one another. *Id.* at 424, 323 P.3d at 707. Refusing to mechanically apply fiduciary duty principals from the law of closely held corporations or partnerships to a limited liability company organized under Arizona law, the appellate court instead looked to A.R.S. § 29-682(B) which allows members to create an operating agreement that delineates the duties member owe each other. *Id.* at 425, 323 P.3d at 708. The appellate court held that the jury should have been advised of those delineated duties, not common law fiduciary duties applicable to closely held businesses and partnerships. *Id.,* 234 Ariz. at 426, 323 P.3d at 709.

*Butler*, 243 Ariz. 456, 410 P. 3d 1223, 1229 (Sup. Ct. 2018), provides the Court with no assistance. While the Supreme Court in *Butler* does cite to *Procon* for the statement that "LLC members do not owe each other fiduciary duties unless they are expressly included in the LLC operating agreement" [*Butler*, 243 Ariz. at 462, 410 P.3d at 1229], the case concerned a venue issue and the question of member duties was not before the Court.

/ / /

/ / /

**III. List of Counsel**

A.  Plaintiff

John R. Clemency (#009646)
Lindsi M. Weber (#025820)
**POLSINELLI PC**
One East Washington St., Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: jclemency@polsinelli.com
    lweber@polsinelli.com

B.  Defendant

Paul M. Levine (007202)
**McCARTHY HOLTHUS & LEVINE, P.C.**
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
Telephone: (480) 302-4102
plevine@mhlevine.com

**Accordingly,**

**IT IS HEREBY ORDERED** certifying questions of Arizona law to the Arizona Supreme Court.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to attach a copy of the Adversary Proceeding docket sheet to this Order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to send the original and six copies of this Order to the **Arizona Supreme Court** pursuant to **Arizona Supreme Court Rule 27**.